JILL P. TELFER, ESQ. (State Bar No. 145450)
LAW OFFICES OF JILL P. TELFER
*A Professional Corporation*
331 J. Street, Suite 200
Sacramento, California 95814
Telephone: (916) 446-1916
Facsimile: (916) 446-1726
E-mail: jtelfer@telferlaw.com

Attorneys for Plaintiff
**MOLLY HANRAHAN**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MOLLY HANRAHAN**<br><br>   Plaintiff,<br><br>v.<br><br>**ROMAN CATHOLIC DIOCESE OF SACRAMENTO, ST. FRANCIS HIGH SCHOOL, DOES 1 through 20, inclusive.**<br><br>   Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES DUE TO EMPLOYMENT DISCRIMINATION AND RETALIATION**<br><br>**\*\*Jury Trial Requested\*\*** |

COMES NOW Plaintiff, **MOLLY HANRAHAN** and alleges as follows:

**JURISDICTION AND VENUE**

1. This action is for damages and equitable relief and is brought pursuant to 42 U.S.C. 2000 et seq. Venue of this action in this Court is proper since the actions, as alleged, all occurred in the Eastern District.

**PARTIES**

2. Plaintiff Molly Hanrahan ("Hanrahan") is a female who was employed by Defendant St. Francis High School ("SFHS") first as an Assistant Athletic Director, and then as the Associate

Complaint for Damages
Page 1

Director of Marketing and Admissions from August 1, 2009 until her termination on or about February 26, 2014.

3. Defendant SFHS is one of several schools run by Roman Catholic Diocese of Sacramento ("Diocese"), which is doing business in Sacramento, California and is an employer of over 50 persons.

4. The Diocese, through first Marion Bishop ("Bishop") and later Margo Reid Brown ("Brown"), Patrick O'Neill ("O'Neill"), Ann Marie Faires ("Faires"), Cathy Connor ("Connor") and Pat Mier ("Mier") undermined Hanrahan by failing to take corrective action against several male coaches who were harassing and retaliating against Hanrahan.

5. Hanrahan worked well with her immediate supervisor, former Athletic Director Kolleen McNamee ("McNamee") until McNamee's discriminatory and retaliatory termination on or about August 3, 2012. McNamee filed a civil action in federal court, *McNamee v. Roman Catholic Diocese of Sacramento, et al.*, Case No.: 2:12-cv-03101-MCE-AC. In McNamee's Rule 26 Disclosure, she listed Hanrahan as a witness. Further, the Defendants were informed Hanrahan would be a favorable witness for McNamee's claims.

6. Both Hanrahan and McNamee were subjected to discrimination and retaliation by SFHS Administration. On September 18, 2010, McNamee made a complaint of a hostile work environment and discrimination, informing the Diocese and SFHS of the harassment and discrimination against Hanrahan and herself, and listed Hanrahan as a witness.

7. Hanrahan is informed and believed respondents never investigated in violation of their own policy. While McNamee was on maternity leave in late May 2011, The Diocese refused to take corrective actions against the male coach who continued to violate safety protocol and harass Hanrahan, and instead removed basketball from the Athletic Director and Assistant Athletic Directors' responsibilities to have these male coaches supervised by a male since the basketball coaches had problems taking direction from women.

8. Hanrahan was removed from her position under pretextural reasons so the Diocese and SFHS could cover up the discrimination and retaliation of McNamee and Hanrahan, and could

also hire a male Athletic Director who was hired on or about September 15, 2012. The male athletic director began retaliating against Hanrahan at the direction of the Diocese and SFHS Administration. Ultimately, Defendants eliminated Hanrahan's position as Assistant Athletic Director in February 2013 for pretextural reasons. Hanrahan was not offered any other positions on campus at that time because of discrimination and retaliation. She sought open positions to be able to stay employed with SFHS. President Brown demoted Hanrahan to Assistant Director of Admission, which was later re-titled to Associate Director of Marketing and Enrollment for Prospective Student Recruitment and Summer School Director.

9. Hanrahan began having medical problems due in part to the stress and anxiety from the discrimination and retaliation, as well as suffered from severe sinus infections and a deviated septum. Ultimately, the Diocese placed Hanrahan in an admissions position. Hanrahan's medical issues exacerbated to the point that she required leave to heal, and ultimately learned she had a deviated septum requiring surgery. The Diocese never offered Hanrahan FMLA nor accommodation, although she needed both to perform the essential functions of her position.

10. Upon Hanrahan's return to work, she was subjected to pretextural discipline. On February 26, 2014, Hanrahan was terminated motivated by discrimination and retaliation.

11. Plaintiff is informed and believes, and thereby alleges that each of the defendants herein was at all times relevant hereto the agent, employee or representative and/or joint venturer of the remaining defendants, and was acting at least in part within the course and scope of such relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

12. Plaintiff alleges on information and belief that, at all times relevant herein, defendants, and each of them, have actively participated in the retaliation of, and/or discrimination against Plaintiff because of her use of FMLA, her gender, her association with McNamee and protected activity and/or have failed to intervene or otherwise prevent said harassment, discrimination and retaliation despite their knowledge of the illegal activity.

13. All of the described conduct, acts, and failures to act are attributed to agents and employees under the direction and control, and with the permission, consent and authorization of the remaining Defendants. Said acts, conduct and failures to act are within the scope of such agency and/or employment.

14. Plaintiff filed a Complaint with the Equal Employment Opportunity Commission on or about August 19, 2014 and received a right to sue on October 6, 2014.

**FIRST CLAIM FOR RELIEF**
**Association Discrimination**
**(42 U.S.C. § 2000e)**

15. Hanrahan realleges and incorporates herein the allegations in paragraphs 1 through 14 as set forth above.

16. Once McNamee was terminated, Defendants began steps to force Hanrahan out of her position because of her association with McNamee.

17. Defendants and each of them took adverse actions against Plaintiff, including but not limited to eliminating her position, disciplining her for pretextural reasons, and ultimately, terminating her, with Plaintiff's association with McNamee as a motivating factor.

18. As a result of the aforementioned conduct alleged herein, Plaintiff has suffered, and continues to suffer, humiliation, anxiety, mental anguish, emotional distress and lost wages in earning capacity.

19. As a proximate result of Defendants' wilful, intentional and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general damages and special damages including lost wages.

20. Plaintiff has suffered and continues to suffer irreparable and other injury as a direct and legal result of the actions of Defendants, including severe anxiety, physical ailments directly attributable to stress and other emotion trauma.

WHEREFORE, Plaintiff prays for judgment as specifically set forth below.

///

///

## SECOND CLAIM FOR RELIEF
### Retaliation
### (42 U.S.C. § 2000 et seq.)

21. Plaintiff herein incorporates by reference, as though fully set forth herein, paragraphs 1 through 20.

22. As a result of being named as a witness and victim of Former Athletic Directors and complaints of discrimination and retaliation and in her civil action, Hanrahan has been subjected to adverse acts and harassment which has affected the terms and conditions of employment. These adverse actions are described above, and include eliminating her position, pretextural discipline, being set up to fail, and ultimately her termination on February 26, 2014.

23. As a direct and foreseeable and proximate result of defendants' retaliatory acts, plaintiff has suffered and continues to suffer a substantial loss in earnings and job benefits, and has suffered, and continues to suffer, humiliation, embarrassment, mental and emotional distress and discomfort, all to plaintiff's damage in the amount according to proof at trial.

24. Defendants committed the acts described in the complaint oppressively, fraudulently, and maliciously, entitling plaintiff to an award of compensatory damages against defendants.

WHEREFORE, plaintiff prays for judgment as more specifically set forth below

## THIRD CLAIM FOR RELIEF
### Gender Discrimination
### (42 U.S.C. 2000, *et seq.*)
### (Against SFHS and Diocese)

25. The allegations in paragraph 1 through 24 are incorporated herein by reference.

26. Defendants took adverse actions against Plaintiff which affected the terms and conditions of employment. Such acts include setting Plaintiff up to fail, undermining her authority by failing to take sufficient corrective action against the male coaches who had problems taking direction from a female and who engaged in health and safety violations which put students in harm's way. In addition, Defendants gave Plaintiff prextextural discipline and ultimately terminated her, after attempting to get her to resign with a severance agreement which would require her to give up all claims of retaliation and discrimination.

27. The particulars of the unfair treatment are described above and in discrimination complaints which are incorporated herein by reference.

28. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

29. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

30. As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress. Plaintiff sustained great emotional disturbance, shock and injury to her nervous system, all of which caused and continues to cause Plaintiff severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

WHEREFORE, plaintiff prays for judgment as more specifically set forth below

### FOURTH CAUSE OF ACTION
### Violation of the American With Disabilities Act

31. Plaintiff Hanrahan realleges and incorporates herein the allegations in paragraphs 1 through 30 as set forth above.

32. Plaintiff Hanrahan was a qualified individual with a disability, deviated septum and severe sinus problems. Further, Plaintiff could perform the essential functions of her job with reasonable accommodation. However, Defendant refused to make reasonable accommodations to Plaintiff.

33. As a result of the aforementioned conduct alleged herein, Plaintiff has suffered and continues to suffer humiliation, anxiety, mental anguish, emotional distress and lost wages and earning capacity.

34. As a result of the aforementioned conduct alleged herein, Plaintiff has suffered and continues to suffer humiliation, anxiety, mental anguish, emotional distress and loss of earning capacity.

35. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will continue to incur special damages, including, but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

36. As proximate result of Defendants willful, intentional and malicious conduct, Plaintiff suffered and continues to suffer extreme mental and emotional distress. Plaintiff therefore is entitled to an award of general, special and punitive damages.

37. Plaintiff has suffered and continues to suffer irreparable and other injury as a direct and legal result of the actions of Defendants, including severe anxiety, physical ailments directly attributable to stress and other emotional trauma.

WHEREFORE, plaintiff prays for judgment as more specifically set forth below

**FIFTH CAUSE OF ACTION**
**Discrimination Based on Disability and/or Perceived Disability**
**(42 U.S.C. § 12101 and Cal. Govt. Code §12940 et seq.)**

38. Plaintiff incorporates paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff Hanrahan was perceived by the Defendants as disabled and therefore is protected under the American With Disabilities Act. Plaintiff has always been able to perform the essential job functions of his position a times with and at times with accommodation. However, Defendant, perceiving plaintiff as disabled, refused to make reasonable accommodations to Plaintiff even though such accommodations would not have created a hardship. Further, Defendant failed to provide any interactive process as required under the law. Ultimately, Defendant disciplined and terminated her because of her disability and/or perceived disability.

40. Further, Defendants have denied Plaintiff benefits given to similarly situated employees who are not or were not perceived as having a disability.

41. As a result of the aforementioned conduct alleged herein, plaintiff has suffered, and continues to suffer, humiliation, anxiety, mental anguish, emotional distress and loss of earning capacity.

42. As a proximate result of Defendant's wilful, intentional and malicious conduct, Plaintiff suffered and continues to suffer extreme and emotional distress. Plaintiff therefore is entitled to an award of compensatory damages.

WHEREFORE, plaintiff prays for judgment as more specifically set forth below.

**FIFTH CLAIM FOR RELIEF**
**(Violation of the Family Medical Leave Act)**

43. The allegations in paragraph 1 through 42 are incorporated herein by reference.

44. Plaintiff was and is at all times herein an employee covered by both the Federal Family Medical Leave Act.

45. Defendants denied Plaintiff family medical leave and retaliated against her for using said leave.

46. The particulars of the unfair treatment are described above, which include demotion, discipline and ultimately termination.

47. As a proximate result of Defendants' denial of family medical leave and retaliation, Plaintiff has suffered and continues to suffer substantial losses in earnings, both past and future, and has and continues to suffer embarrassment, humiliation and mental anguish all to her damage in an amount according to proof.

48. As a direct and proximate result of the conduct of Defendants and each of them, Plaintiff has incurred and will incur special damages, including but not necessarily limited to lost wages and salary, lost stock options and bonuses, lost benefits, lost future earnings and benefits, medical costs and expenses all in an amount to be determined according to proof at trial.

49. As a further, direct and proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer general damages, including severe emotional distress. Plaintiff sustained great emotional disturbance, shock and injury to her nervous system, all of which

caused and continues to cause Plaintiff severe physical and emotional injury, without limitation in an amount to be determined according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as specifically set forth below.

### PRAYER

1. Award Plaintiff compensatory damages, according to proof, for lost wages, medical and psychiatric care expenses and pain and suffering;
2. Punitive damages;
3. Attorneys' fees;
4. Costs of suit; and,
5. For any other relief that the Court deems just and proper.

Date: December 31, 2014

LAW OFFICES OF JILL P. TELFER
A Professional Corporation

_____
JILL P. TELFER
Attorneys for Plaintiff
**MOLLY HANRAHAN**